## CIRCUIT COURT OF THE CITY OF WINCHESTER

Commercial and Savings Bank

v.

William Glenn Brundige

December 1, 1982

Case No. (Law) 82-L-116

## By JUDGE HENRY H. WHITING

In this case a judgment creditor seeks to subject the cash surrender value of a life insurance policy on the debtor to the lien of his judgment. The insurer has contended that the cash surrender value is not an asset which can be reached in this manner. The creditor cites *U.S.* v. *Metropolitan Life Insurance Company*, 256 F.2d 17 (4th Cir. 1958), and *U.S.* v. *Ball*, 207 F. Supp. 835 (W.D. Va. 1962), in support of his contention. Both cases do support the creditor, and the federal cases cited by the insurer indicate a contrary ruling and therefore, a split in the circuits of the Federal Courts on this issue.

However, the Court need not go beyond the Virginia authorities to answer the question. In *Boisseau* v. *Bass*, 100 Va. 207 (1902), a judgment creditor sought to levy upon a debtor's insurance policy on a *fieri facias* outstanding during his life. The *fieri facias* was pointed out to create a lien on all intangible personal property which continued so long as the judgment could be enforced. The Court held the policy could not be garnisheed because the debt owed by the insurance company to the insured "rests upon a contingency that may or may not happen, and over which the court has no control." *Id.*, at 210.

> The condition precedent. . . was that the insured pay the premiums during the time specified in the contract, which made the right to demand

anything only contingent because the payment of such premiums rested upon the voluntary action of the assured, and therefore might never be made. *Id.*, at 212-213.

In *Boisseau* there was a provision vesting in the insured a present interest to receive paid-up insurance, but the Court held this made no difference in the following language:

> To avail of the terms of this stipulation of the policy would involve not merely a change of the contract but the making of a new contract between the assured and the company. Ordinarily, a creditor can only subject to his benefit such contract as exists in favor of his debtor. He cannot compel his debtor to change his contract, or make a new and different one in order that he may reach and subject it to the payment of his debt. *Id.*, at 214.

*Boisseau* also based its decision on an alternate ground that because no one had compelled the policy to be surrendered during the lifetime of the assured upon his death there no longer was a right to surrender the policy for a different paid-up policy. The *Boisseau* case was cited with approval in the later case of *White* v. *Pacific Mutual Life Insurance Company*, 150 Va. 849 (1928), in which creditors were permitted to reach a portion of the cash surrender value of a debtor's life insurance policy where he had paid the premiums in fraud of his existing creditors. However, the Court applied the *Boisseau* principle in denying any recovery to the creditors of any sums not subject to that disability, citing *Boisseau* in support of that holding.

There is some logic in the analogy of the cash surrender value of an insurance policy and a certificate of deposit, but there are also several distinct differences. Cashing a certificate of deposit is virtually a ministerial act requiring the payment of money by the third party debtor and nothing more. Surrendering an insurance policy involves other parties, beneficiaries, as well as the insurance company. The uncertainty of the relationship after any such surrender is revealed in a significant statement by Judge Dalton at the conclusion of the opinion

in *U.S.* v. *Ball, supra,* where the insurance company asked for full protection from both the insured and the beneficiary for paying the cash surrender value to the creditor, but Judge Dalton indicated he knew of no way of putting that condition in a final order.

The Court will therefore sustain the motion by the insurance company to dismiss this garnishment, assuming there is no other evidence than recited herein. If the creditor has some evidence of a fraudulent or voluntary conveyance, the court will hear evidence on that at the appropriate time.